[No. H023839. Sixth Dist. June 9, 2003.]

SAUNDREA MARIA GRANT, Plaintiff and Respondent, v.
COMP USA, INC., Defendant and Appellant.

**COUNSEL**

Littler Mendelson, Philip L. Ross, and Dennis M. Brown for Defendant and Appellant.

Law Offices of Ismael D. Perez, Ismael D. Perez; and Law Offices of Michael T. Morrissey and Michael T. Morrissey for Plaintiff and Respondent.

## OPINION

**BAMATTRE-MANOUKIAN, J.**—On March 31, 1995, Saundrea Maria Grant (employee) filed an administrative complaint against her former employer, COMP USA, Inc. (employer), with California's Department of Fair Employment and Housing (DFEH). On April 11, 1995, the DFEH issued employee a right-to-sue notice. On September 14, 1995, the DFEH notified employee that the "case of discrimination is being reopened and the closing letter of April 11, 1995 has been rescinded." On March 21, 1996, the DFEH proposed a settlement that was not accepted. On April 11, 1996, employee filed this civil action against employer and former employees. After a trial the jury awarded employee $2.9 million on her claims of constructive discharge, hostile environment, retaliation, and fraud. The hostile environment and retaliation claims arise under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

In a motion for judgment notwithstanding the verdict, employer asserted that employee was barred from pursuing her FEHA claims based on her failure to exhaust her administrative remedies. Employer contended that employee should have obtained a second right-to-sue notice from the DFEH after the DFEH rescinded its initial right-to-sue notice in order to investigate her administrative complaint. The trial court denied employer's motion, finding that the employee had exhausted her administrative remedies.

We find that under Government Code section 12965,[1] employee's right to sue arose by operation of law when the DFEH failed to resolve the matter within one year from the time she filed her administrative complaint. Employee's failure to obtain a second right-to-sue letter does not preclude a finding that she exhausted her administrative remedies. We therefore affirm the denial of the motion for judgment notwithstanding the verdict.

### PROCEEDINGS

Employee, an African-American, worked as a corporate account manager for employer from February 17, 1994, through July 14, 1994. She alleges the following. Employer only hired her so that they could take her Open Vision Technologies account away from her and get rid of her. Employer defamed her to Open Vision Technologies account representatives. While she worked for employer, she was subjected to sexual and racial harassment and a hostile work environment. Although she complained to upper management, no corrective action was taken and she was demoted and constructively terminated.

---

[1] Unspecified section references are to the Government Code.

On March 31, 1995, employee filed a complaint with the DFEH. On April 11, 1995, the DFEH wrote her that her case was being closed "on the basis of Processing waived to another agency." The letter advised her that she had the right to file a private lawsuit against employer within the next year. She was advised that the DFEH did not retain case files more than three years unless the case remained open.

On September 14, 1995, the DFEH wrote to notify employee "that the above cited case of discrimination is being reopened and the closing letter dated April 11, 1995 has been rescinded. This action is necessitated because the United States Equal Employment Opportunity [sic] returned the case" to the DFEH for processing and investigation.

On March 21, 1996, the DFEH issued employee right-to-sue notices against individual employees of employer. On the same date the DFEH sent employer a proposed settlement agreement of employee's complaint. The proposal was not accepted.

On April 11, 1996, employee filed this civil action against employer and former employees, alleging fraud, defamation, intentional and negligent infliction of emotional distress, interference with economic advantage, sexual harassment, retaliation, sex and racial discrimination, and wrongful termination. Employee alleged that she had made a timely complaint to the DFEH and "has received her right to sue letter."

In its answer, employer alleged a number of affirmative defenses, including that employee had failed to exhaust her administrative remedies.

During a jury trial in February and March 2001, employer made a motion for nonsuit. Among the grounds asserted was failure to exhaust administrative remedies. Employer alleged that employee had not introduced evidence that the DFEH had given her a right-to-sue letter. Employee's attorney claimed that the letter existed. The court allowed him to reopen his case to introduce this evidence. In the jury's absence, Ismael Perez, one of employee's attorneys, testified that employee had given him eight right-to-sue letters, all dated March 21, 1996. While he retained the seven letters pertaining to individuals, he had lost or misplaced the one pertaining to employer. Employee's other attorney asserted that they could not get a copy of the letter from the DFEH because the agency only retained records for three years. Employer contended it was unlikely the DFEH had issued a letter while its proposed settlement of March 21, 1996, was outstanding. The court took the issue under submission.

Employer brought up the issue again while the jury was deliberating. The trial court stated: "I was hopeful they'll bring it up in chambers, but my

thinking is that I am going to require the plaintiff to produce some additional evidence other than the recollection of Mr. Perez that there is a right to sue letter out there at some point in time. [¶] On balance, I'm convinced there was not as of the date of the settlement letter." Employee argued that no letter was required so long as a year had passed since she filed a DFEH complaint.

The court had not ruled on this ground of the nonsuit motion by the time the jury returned a verdict. The jury awarded employee $2.9 million on her claims of constructive discharge, hostile environment, retaliation, and fraud.

Employer filed motions for new trial and judgment notwithstanding the verdict. In part the motions asserted that the verdict under the FEHA must be set aside because employee had not exhausted her FEHA administrative remedies.

The court granted a new trial on several grounds. However, the court denied judgment notwithstanding the verdict on the ground of exhaustion, explaining orally: "I think the real rule she's exhausted her administrative remedies. She obtained a right-to-sue letter. Whether that was legitimately retracted or rescinded or whatever or not, I think that's what the goal is here. She exhausted her administrative remedies. I think the right-to-sue letter is a symbol of exhaustion of administrative remedies, not a goal, in and of itself, in my opinion. I think she got one, and it suffices here, and in terms of equity I think it's plain unfair to grant a J. N. O. V. on these grounds."

The written order on employer's motions states: "The Court finds that, while the preponderance of the evidence does not show that [employee] had an outstanding notice of right-to-sue as against [employer] at the time she brought this action, the [DFEH] had previously issued such a notice of right-to-sue, which it later rescinded. The Court finds that based on these facts, [employee] adequately exhausted her administrative remedies."

## 1. OVERVIEW OF FEHA

In *Commodore Home Systems, Inc. v. Superior Court* (1982) 32 Cal.3d 211, 213-214 [185 Cal.Rptr. 270, 649 P.2d 912] (*Commodore Home Systems, Inc.*), the California Supreme Court provided an overview of FEHA. "The California Fair Employment Practices Act (FEPA) was enacted in 1959 (former Lab. Code, § 1410 et seq.; see Stats. 1959, ch. 121, § 1, p. 2000 et seq.). In 1980 it was recodified as part of the FEHA. (Stats. 1980, ch. 992, § 4, p. 3140 et seq.) The law establishes that freedom from job discrimination on specified grounds, including race, is a civil right. (§ 12921.) It

declares that such discrimination is against public policy (§ 12920) and an unlawful employment practice (§ 12940). . . .

"The statute creates a Department of Fair Employment and Housing (Department) (§ 12901), whose function is to investigate, conciliate, and seek redress of claimed discrimination (§ 12930). Aggrieved persons may file complaints with the Department (§ 12960), which must promptly investigate (§ 12963). If it deems a claim valid it seeks to resolve the matter—in confidence—by conference, conciliation, and persuasion. (§ 12963.7.) If that fails or seems inappropriate the Department may issue an accusation to be heard by the Fair Employment and Housing Commission (Commission). (§§ 12965, subd. (a),[2] 12969; see too § 12903.) [¶] . . . [¶]

"If no accusation is issued within 150 days after the filing of the complaint and the matter is not otherwise resolved, the Department must give complainant a right-to-sue letter. Only then may that person sue in the superior court 'under this part' (§ 12965, subd. (b))." (Cf. *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1383-1384 [241 Cal.Rptr. 67, 743 P.2d 1323]; *Rojo v. Kliger* (1990) 52 Cal.3d 65, 72 [276 Cal.Rptr. 130, 801 P.2d 373] (*Rojo*).)

---

[2]On March 31, 1995, the time the administrative complaint was filed in this case, section 12965 provided in part: "(a) In the case of failure to eliminate an unlawful practice under this part through conference, conciliation, or persuasion, or in advance thereof if circumstances warrant, the director in his or her discretion may cause to be issued in the name of the department a written accusation. The accusation shall contain the name of the person, employer, labor organization, or employment agency accused, which shall be known as the respondent, shall set forth the nature of the charges, shall be served upon the respondent together with a copy of the verified complaint, as amended, and shall require the respondent to answer the charges at a hearing.

"For any complaint treated by the director as a group or class complaint for purposes of investigation, conciliation, and accusation pursuant to Section 12961, an accusation shall be issued, if at all, within two years after the filing of the complaint. For all other complaints, an accusation shall be issued, if at all, within one year after the filing of a complaint. If the director determines, pursuant to Section 12961, that a complaint investigated as a group or class complaint under Section 12961 is to be treated as a group or class complaint for purposes of conciliation and accusation as well, that determination shall be made and shall be communicated in writing within one year after the filing of the complaint to each person, employer, labor organization, employment agency, or public entity alleged in the complaint to have committed an unlawful practice.

"(b) If an accusation is not issued within 150 days after the filing of a complaint, or if the department earlier determines that no accusation will issue, the department shall promptly notify, in writing, the person claiming to be aggrieved that the department shall issue, on his or her request, the right-to-sue notice. This notice shall indicate that the person claiming to be aggrieved may bring a civil action under this part against the person, employer, labor organization, or employment agency named in the verified complaint within one year from the date of that notice. If the person claiming to be aggrieved does not request a right-to-sue notice, the department shall issue the notice upon completion of its investigation, and not later than one year after the filing of the complaint."

## 2. EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ "[E]xhaustion of administrative remedies furthers a number of important societal and governmental interests, including: (1) bolstering administrative autonomy; (2) permitting the agency to resolve factual issues, apply its expertise and exercise statutorily delegated remedies; (3) mitigating damages; and (4) promoting judicial economy." (*Rojo, supra,* 52 Cal.3d at p. 86.)

■ In considering the applicability of the exhaustion doctrine, the court in *Rojo* stated: "Section 12965, subdivision (b) provides that if the Department does not issue an accusation within 150 days after the filing of a complaint, or if the Department earlier determines that no accusation will issue, it shall promptly issue a notice indicating that the complainant 'may bring a civil action under this part . . . within one year from the date of such notice.' Commenting in prior decisions on the availability of judicial relief under this provision, we have stated that the right-to-sue letter is a prerequisite to judicial action. (See *Commodore Home Systems, Inc.* v. *Superior Court, supra,* 32 Cal.3d at p. 218; *State Personnel Bd.* v. *Fair Employment & Housing Com.* [(1985)] 39 Cal.3d [422,] 433, fn. 11 [217 Cal.Rptr. 16].) Relying on such statements, other courts have held that exhaustion of FEHA administrative remedies is a prerequisite to judicial relief on a statutory cause of action. (See *Yurick* v. *Superior Court* (1989) 209 Cal.App.3d 1116, 1123 [257 Cal.Rptr. 665]; *Robinson* v. *Department of Fair Employment & Housing* (1987) 192 Cal.App.3d 1414, 1416 [239 Cal.Rptr. 908]; *Miller* v. *United Airlines, Inc.* (1985) 174 Cal.App.3d 878, 890 [220 Cal.Rptr. 684] [(*Miller*)]; *Myers* v. *Mobil Oil Corp.* (1985) 172 Cal.App.3d 1059, 1063 [218 Cal.Rptr. 630]; *Snipes* v. *City of Bakersfield* [(1983)] 145 Cal.App.3d [861,] 866 [193 Cal.Rptr. 760].) [¶] We agree that exhaustion of the FEHA administrative remedy is a precondition to bringing a civil suit *on a statutory cause of action.*" (*Rojo, supra,* 52 Cal.3d at p. 83.)

The *Rojo* court considered whether the exhaustion requirement should apply to nonstatutory causes of action and concluded "that although an employee must exhaust the FEHA administrative remedy before bringing suit on a cause of action under the act or seeking the relief provided therein, exhaustion is not required before filing a civil action for damages alleging nonstatutory causes of action. . . ." (*Rojo, supra,* 52 Cal.3d at p. 88, fn. omitted.) The employees in *Rojo* apparently did not file any administrative complaint before filing their lawsuit. (*Id.* at p. 71.)

Courts have differed regarding the nature and effect of the exhaustion requirement. This court has stated the view that in FEHA cases "[t]he failure

to exhaust an administrative remedy is a jurisdictional, not a procedural, defect." (*Miller, supra,* 174 Cal.App.3d at p. 890; *Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1724 [35 Cal.Rptr.2d 181] (*Martin*); *Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613 [43 Cal.Rptr.2d 57] (*Okoli*).) In *Miller,* we concluded that the lack of exhaustion was a proper ground for a summary judgment motion. (*Miller, supra,* 174 Cal.App.3d at p. 890.) *Martin* likewise upheld a summary judgment on this basis. (*Martin, supra,* 29 Cal.App.4th at pp. 1729-1730.) *Okoli* overturned a jury verdict on the basis that the employee's successful FEHA claim of retaliation was not encompassed in the discrimination complaint that he had filed with the DFEH. (*Okoli, supra,* 36 Cal.App.4th at pp. 1614-1617.)

Other courts, both state and federal, have questioned whether the failure to exhaust FEHA or EEOC (Equal Employment Opportunity Commission) remedies is truly jurisdictional in the sense of depriving a trial court of fundamental or subject matter jurisdiction, or whether it should be viewed merely in the nature of a condition precedent or an affirmative defense that can be waived if it is not asserted by the defendant. (See, e.g., *Keiffer v. Bechtel Corp.* (1998) 65 Cal.App.4th 893, 900-901 [76 Cal.Rptr.2d 827]; *Zipes v. Trans World Airlines, Inc.* (1982) 455 U.S. 385, 393 [102 S.Ct. 1127, 71 L.Ed.2d 234]; *Temengil v. Trust Territory of Pacific Islands* (9th Cir. 1989) 881 F.2d 647, 654; *Womble v. Bhangu* (5th Cir. 1989) 864 F.2d 1212, 1213; *Jackson v. Seaboard Coast Line R. Co.* (11th Cir. 1982) 678 F.2d 992, 1005.)

 Regardless of the "jurisdictional" nature of the exhaustion requirement, however, we conclude that it was at least a "precondition to bringing civil suit" on employee's FEHA claims that she first exhaust her FEHA remedies. (*Rojo, supra,* 52 Cal.3d 65, 83.) In this case employee's complaint alleged a timely complaint to the DFEH and receipt of a right-to-sue letter. The trial court found the evidence did not show that she had an outstanding right-to-sue notice when she brought her action. The question is therefore whether the possession of a right-to-sue notice was a necessary element of exhaustion under the circumstances of this case.

### 3. RIGHT-TO-SUE NOTICE

The Supreme Court in *Rojo* characterized a right-to-sue notice as a "prerequisite to judicial action." (*Rojo, supra,* 52 Cal.3d at p. 83.) Similarly, in *Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479 [59 Cal.Rptr.2d 20, 926 P.2d 1114] (*Romano*) the court stated: "Under the FEHA, the employee must exhaust the administrative remedy provided by the statute by

filing a complaint with the Department of Fair Employment and Housing (Department) and must obtain from the Department a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA. (Gov. Code, §§ 12960, 12965, subd. (b); *Rojo*[, *supra,*] 52 Cal.3d 65, 88 . . . ; *Martin*[, *supra,*] 29 Cal.App.4th 1718, 1724 . . . .)" (*Id.* at p. 492.) And in *Martin,* this court stated: "Under California law 'an employee must exhaust the . . . administrative remedy' provided by the Fair Employment and Housing Act, by filing an administrative complaint with the California Department of Fair Employment and Housing (DFEH) (Gov. Code, § 12960; cf. *id.,* §§ 12901, 12925, subd. (b)) and obtaining the DFEH's notice of right to sue (*id.,* § 12965, subd. (b)), 'before bringing suit on a cause of action under the act or seeking the relief provided therein . . . .' (*Rojo*[, *supra,*] 52 Cal.3d 65, 88 . . . [dictum].)" (*Martin, supra,* 29 Cal.App.4th at p. 1724.)

These cases suggest that obtaining a right-to-sue notice is the final necessary step in exhausting one's administrative remedies under the FEHA. However, as noted above, no administrative complaint was filed in *Rojo,* and therefore in that case there was no possibility of a right-to-sue notice. In *Romano,* there was no exhaustion issue. The question there was when the limitations period began running on a FEHA cause of action. (*Romano, supra,* 14 Cal.4th at p. 493.) There is no California Supreme Court case that directly addresses whether obtaining a right to sue notice is a necessary part of exhaustion of administrative remedies.

Employee contends that our decision in *Martin, supra,* 29 Cal.App.4th 1718, indicated that a lawsuit could be predicated on mere inaction by the DFEH. This misconstrues the holding in *Martin.* Martin filed administrative complaints about age discrimination with both the DFEH and the EEOC. (*Id.* at pp. 1724-1725, 1730.) The original federal complaint was briefly referred to the DFEH for processing and then returned to the EEOC. At that time, in April 1991, the DFEH gave Martin a right-to-sue notice. In February 1992, Martin amended the federal complaint, but not the state complaint, to allege sexual discrimination, harassment, and retaliation. In February 1992, she obtained a right-to-sue notice from the EEOC. (*Ibid.*)

We explained, "Because it is undisputed that the DFEH took no action at all on Martin's February 1992 amended charge, Martin argues, she was entitled to bring this action without a right-to-sue notice from the DFEH." (*Martin, supra,* 29 Cal.App.4th at p. 1726.) We noted, "so far as the record shows the DFEH never received the opportunity, with respect to these additional theories of violation of the Fair Employment and Housing Act, to pursue" FEHA's policy favoring conciliation to resolve disputes. (*Id.* at p. 1728.) We concluded, "Absent any showing that Martin filed her amended

charge, or caused it to be filed, with the DFEH, or that the DFEH had actual notice of the amended charge from any other source, there is no basis for an assertion that Martin could predicate her lawsuit on the DFEH's inaction (in lieu of better evidence that she had exhausted her administrative remedies)." (*Id.* at p. 1727.) "If Martin wished to avail herself of state judicial remedies for her additional claims, it was essential that she undertake by reasonable means to make the additional claims known to the DFEH. In our view she did not do so, and therefore she did not exhaust her state administrative remedies." (*Id.* at pp. 1729-1730.)

In *Martin*, this court rejected an employee's contention that her lawsuit could be predicated on inaction by the DFEH when she had never presented to the DFEH the claims underlying her lawsuit. Our exhaustion conclusion was based on her initial failure to present her claims to the DFEH, not on whether she subsequently obtained a right-to-sue notice. The circumstances here are different.

Employee's position in this case is that her right to sue arose by virtue of the DFEH's inaction within a year of her filing her administrative complaint. She focuses on language in *Commodore Home Systems, Inc.* For example, in comparing the FEHA with the federal title VII, the court stated: "The FEHA . . . provides separate routes to resolution of claims; first, a complaint to the Department; second, if that agency fails to act, a private court action." (*Commodore Home Systems, Inc., supra,* 32 Cal.3d at p. 217.) Also, "there is no right to sue, even after conciliation breaks down, unless the Department fails to file an accusation before the Commission." (*Id.* at p. 218.)

While these passages and similar ones in *Commodore Home Systems, Inc.,* and later cases (e.g., *Dyna-Med, Inc. v. Fair Employment & Housing Com., supra,* 43 Cal.3d at p. 1398, fn. 22; *State Personnel Bd. v. Fair Employment & Housing Com., supra,* 39 Cal.3d at p. 433, fn. 11) do allude to filing suit following inaction by the DFEH, none of these cases confronted the issue of whether a right-to-sue notice is a condition precedent to a civil suit. Indeed, the employees in *Commodore Home Systems, Inc.,* had received right-to-sue letters. (*Commodore Home Systems, Inc., supra,* 32 Cal.3d at p. 214.) "Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered." (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689]; cf. *Palmer v. Ted Stevens Honda, Inc.* (1987) 193 Cal.App.3d 530, 539 [238 Cal.Rptr. 363].) We find and the parties cite no case arising under the FEHA that has considered whether the absence of a right-to-sue notice alone can amount to the failure to exhaust administrative remedies.

Section 12965 (see *ante*, fn. 2) states in part: "(b) If an accusation is not issued within 150 days after the filing of a complaint, or if the department earlier determines that no accusation will issue, the department shall promptly notify, in writing, the person claiming to be aggrieved that the department shall issue, on his or her request, the right-to-sue notice. This notice shall indicate that the person claiming to be aggrieved may bring a civil action under this part against the person, employer, labor organization, or employment agency named in the verified complaint within one year from the date of that notice. *If the person claiming to be aggrieved does not request a right-to-sue notice, the department shall issue the notice upon completion of its investigation, and not later than one year after the filing of the complaint.*" (Italics added.)

This statute implements the legislative call for "prompt investigation" by the DFEH of administrative complaints. (§ 12963.) The Legislature has given the DFEH a deadline of 150 days after the filing of an administrative complaint to issue either an accusation or a right-to-sue notice upon request. Even without a request, the DFEH is required to issue a right-to-sue notice no later than one year after receiving the complaint. The statute contemplates that every investigation will be concluded within a year.

Employee contends, "Ordinarily, if it hasn't done so earlier, the [DFEH] will perform its mandatory duty and issue a right-to-sue letter on the one year anniversary, whether the aggrieved party has requested one or not, but the right to bring the private action in such a case has matured, by operation of law, whether the [DFEH] issues the letter or not, and whether the aggrieved party either doesn't receive it in the mail, or does receive it but thereafter loses the piece of paper."

█ As we understand section 12965, a complainant's entitlement to a right-to-sue notice is conditional within a year of the filing of an administrative complaint. If no accusation has been filed within 150 days, a complainant is entitled to a right-to-sue notice on request. If an accusation has been filed, however, the right-to-sue notice presumably issues only if the accusation is not successfully resolved. Within the one-year period, the right-to-sue notice serves as proof that the DFEH has completed its investigation and that a lawsuit would not duplicate ongoing administrative efforts. One year after the filing of an administrative complaint, a complainant's entitlement to a right-to-sue notice is unconditional. The DFEH is required to issue one even in the absence of a request.

Federal law is consistent with this interpretation. █ "Only when FEHA provisions are similar to those in Title VII do we look to the federal

courts' interpretation of Title VII as an aid in construing the FEHA." (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 74 [99 Cal.Rptr.2d 316, 5 P.3d 874].) The federal statute *"requires* EEOC to issue a 'right to sue' notice if, within 180 days after a charge is brought, the Commission has neither filed suit in its own name or achieved a private settlement. Thus, a charging party is entitled to such notice if the appropriate conditions exist." (*Perdue v. Roy Stone Transfer Corp.* (4th Cir. 1982) 690 F.2d 1091, 1093.) *Perdue* considered the importance of actually obtaining a right-to-sue notice if the conditions for its issuance have occurred. "The Commission's failure actually to issue the notice cannot defeat the complainant's statutory right to sue in the district court, for '(a) Title VII complainant is not charged with the commission's failure to perform its statutory duties.' [Citations.] In our view, it is entitlement to a 'right to sue' notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal courts." (*Perdue, supra,* 690 F.2d at p. 1093, fn. omitted.)

*Pietras v. Board of Fire Com'rs of Farmingville* (2d Cir. 1999) 180 F.3d 468 reached the same conclusion, finding excusable the absence of a right-to-sue notice when the EEOC had erroneously refused to issue it despite the employee's diligent effort. "Every circuit before us that has faced the question has held that a plaintiff's failure to obtain a notice-of-right-to-sue letter is not a jurisdictional bar, but only a precondition to bringing a Title VII action that can be waived by the parties or the court. *See, e.g., Rivers v. Barberton Bd. of Educ.,* 143 F.3d 1029, 1031 (6th Cir. 1998); *McKinnon v. Kwong Wah Restaurant,* 83 F.3d 498, 505 (1st Cir. 1996); *Gooding v. Warner-Lambert Co.,* 744 F.2d 354, 358 (3d Cir. 1984). We agree with these holdings." (*Id.* at p. 474; cf. *Forehand v. Florida State Hosp. etc.* (11th Cir. 1996) 89 F.3d 1562, 1569-1570 ["receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification"]; *Fouche v. Jekyll Island-State Park Authority* (11th Cir. 1983) 713 F.2d 1518, 1525-1526.)

Employer's position essentially is that a right-to-sue notice is always the final step in exhausting FEHA remedies. Employer argues as follows. The DFEH, like the EEOC, should be deemed to have at least limited authority to revoke or rescind its right-to-sue notices. (Cf. *Trujillo v. General Elec. Co.* (10th Cir. 1980) 621 F.2d 1084, 1096-1087; *Lute v. Singer Co.* (9th Cir. 1982) 678 F.2d 844, 846-847; *Jackson v. Richards Medical Co.* (6th Cir. 1992) 961 F.2d 575, 583-585; 29 C.F.R. § 1601.21(b)(1) & (d)(1) (1984).) The DFEH rescinded the right-to-sue notice it issued on April 11, 1995, by its letter of September 14, 1995. Employee never obtained another notice of her right to sue employer. The DFEH investigation was still pending and

employee had no outstanding right-to-sue notice when she filed this lawsuit on April 11, 1996, one year after the original right-to-sue notice. Because she had no right-to-sue notice, she had not fully exhausted her administrative remedies, contrary to the trial court's conclusion.

Employee responds that it is irrelevant whether the DFEH is authorized to rescind a right-to-sue notice if it has not filed an accusation within 150 days of the administrative complaint. Even if the DFEH validly rescinded its original notice, employee was entitled to a new right-to-sue notice on March 31, 1996, one year after the administrative complaint was filed. Evidence that she filed a complaint with the DFEH and that the DFEH did not resolve her complaint within a year suffices to establish her exhaustion of administrative remedies.

Employer replies that employee did not advance this theory in the trial court, but recognizes that the facts concerning employee's attempt to invoke her administrative remedy are undisputed. ▮ The question of the necessity of a right-to-sue notice is one of law, involving interpretation of a statute and application of the statute to undisputed facts. We review this question de novo. (*Wright v. Beverly Fabrics, Inc.* (2002) 95 Cal.App.4th 346, 351-352 [115 Cal.Rptr.2d 503].) Our concern is with the correctness of the trial court's result, not its reasoning.

▮ Here the undisputed facts establish that employee filed an administrative complaint with the DFEH on March 31, 1995. The DFEH initially issued a right-to-sue notice on April 11, 1995. Five months later, on September 14, 1995, the DFEH notified employee that it was rescinding the notice. On March 21, 1996, DFEH proposed a settlement that was not accepted. There was no successful administrative resolution of the administrative complaint by March 31, 1996, one year from the filing of the administrative complaint. Without requesting another right-to-sue notice, employee filed this action on April 11, 1996.

Had employee simply requested another right-to-sue notice after receipt of the rescission and prior to filing this action, this aspect of the litigation in the trial court and in this court could have been avoided. However, even absent such a request and receipt of a second right-to-sue notice, we conclude, under the circumstances here, that the DFEH had a ministerial duty pursuant to section 12965 to issue a second right-to-sue notice on March 31, 1996, one year after the filing of the administrative complaint. The passage of one year without administrative resolution removed any duty to request a second right-to-sue notice; therefore employee's lack of diligence in this regard does not bar her civil action.

Contrary to employer's contention, this interpretation of section 12965 does not render the right-to-sue notice surplusage. The DFEH is still required to issue a right-to-sue notice after a year even absent a request. Our conclusion is simply that the failure by the DFEH to issue a right-to-sue notice after one year does not preclude a determination that employee has exhausted her administrative remedies.

The parties also disagree about whether the DFEH is authorized to rescind a right-to-sue notice if it has not issued an accusation within 150 days from the filing of an administrative complaint. Employee contends the rescission was ineffective and that a current right-to-sue notice existed when she filed suit. In light of our above conclusion that a complainant's entitlement to a right-to-sue notice is unconditional after one year, we do not address these remaining contentions.

## Disposition

The denial of the judgment notwithstanding the verdict is affirmed.

Premo, Acting P. J., and Wunderlich, J., concurred.

A petition for a rehearing was denied July 7, 2003, and appellant's petition for review by the Supreme Court was denied September 24, 2003.