[No. G036095. Fourth Dist., Div. Three. June 16, 2006.]

SELENA WASTI, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
STAN EZRATTY, Real Party in Interest.

**COUNSEL**

Danz & Gerber, Stephen F. Danz and Fernando A. Vicente for Petitioner.

No appearance for Respondent.

Eli M. Kantor for Real Party in Interest.

**OPINION**

**SILLS, P. J.**—In 2003, the Legislature made minor procedural amendments to the Fair Employment and Housing Act (FEHA) to lessen administrative burdens in handling complaints of unlawful employment practices. Investigative complaints now must be served by an employee's attorney (if the employee has retained counsel) rather than by the Department of Fair Employment and Housing (the Department). (Gov. Code, § 12962.)

The trial court misapplied this statute to create a nonexistent jurisdictional hurdle to FEHA claims. Here, a shoe store manager, allegedly fired because of her pregnancy, elected a civil action rather than an administrative investigation. Two days later, the Department issued a right-to-sue letter and closed the case. Petitioner hired an attorney, and timely filed and served a civil complaint within the limitations period.

But her FEHA claim was thrown out of court. The trial court construed the 2003 amendments to require, as a *jurisdictional* prerequisite to a FEHA civil claim, that the unrepresented employee serve a copy of her moribund administrative complaint upon her employer within 60 days of its original filing with the Department.

■ We issue a peremptory writ in the first instance because the trial court's error is clear and the statutory language is plain. Government Code section 12962 only imposes a service requirement upon FEHA claims that are submitted to the Department for "investigation." There are no service requirements for employees who are not represented by counsel. Having exhausted her administrative remedies by securing a right-to-sue letter, petitioner is entitled to her day in court.

I

On July 7, 2004, petitioner Selena Wasti (Employee) filled out a discrimination complaint with the Department. Employee declared that she had been fired several weeks earlier from her job as a Laguna Beach shoe store manager with real party in interest (Employer). Employee claimed that Employer lowered her pay upon learning she was pregnant and then terminated her employment.

Employee signed a preprinted form requesting that the Department issue a right-to-sue letter because "I wish to pursue this matter in court." The form advised Employee of the Department's policy "to not process or reopen a complaint once the complaint has been closed on the basis of 'Complainant Elected Court Action.'"

Two days later, on July 9, 2004, the Department closed the case and issued a right-to-sue letter to Employee. The right-to-sue letter informed Employee that she had one year from the date of the notice in which to file a civil action.

Employee retained an attorney and filed a complaint on March 29, 2005, well within the one-year limitations period. She served her complaint upon Employer little more than two weeks later.

The operative pleading is the first amended complaint. Its second cause of action alleges pregnancy and sex discrimination under the FEHA, Government Code section 12900 et seq.[1]

Employer demurred to the FEHA cause of action on the ground that Employee had failed to plead that she had served her administrative complaint on or before September 2004, as purportedly required under section 12962. Employer reasoned that Employee thereby failed to exhaust her administrative remedies, creating a jurisdictional barrier to her civil suit.

Following a hearing, the court sustained the demurrer to the FEHA cause of action, and Employee petitioned this court for a writ. Employer filed an informal response.

We issued a *Palma* notice in late 2005, informing the parties that we were considering issuing a peremptory writ in the first instance, staying the trial proceedings pending further order of the court, and setting a briefing schedule. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) Employer never filed any further papers.

II

Exhaustion of administrative remedies is a precondition for a lawsuit for a statutory violation under the FEHA. (*Grant v. Comp USA, Inc.* (2003) 109 Cal.App.4th 637, 645 [135 Cal.Rptr.2d 177].) Here, Employee pleaded that she timely filed an administrative complaint and immediately received a right-to-sue letter from the Department. (*Cole v. Antelope Valley Union High School Dist.* (1996) 47 Cal.App.4th 1505, 1511 [55 Cal.Rptr.2d 443].) She also complied with the one-year statute of limitations. (§§ 12960, 12965, subd. (b); see *Downs v. Department of Water & Power* (1997) 58 Cal.App.4th 1093, 1102 [68 Cal.Rptr.2d 590].)

Employer says that this is not enough. In addition, Employer states that Employee must plead and prove that she complied with section 12962 by serving the administrative complaint upon the employer within 60 days.

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

No appellate court has imposed this requirement as a jurisdictional prerequisite. We decline to be the first to do so. (While Employer has cited numerous cases affirming the dismissal of FEHA claims because an employee's failure to exhaust administrative remedies, none deals with section 12962.)

As originally drafted, section 12962 required the Department to serve "any verified complaint filed under the provisions of this part. . . ." The Department then had 45 days to do so. (Former § 12962, added by Stats. 1980, ch. 992, § 4, p. 3140.)

In 2003, section 12962 was amended to ease the Department's burdens. (Stats. 2003, ch. 447, § 1.) The amendment added the limiting phrase "for investigation" so that the department was only required to serve "any verified complaint *filed for investigation* under the provisions of this part . . . ." (§ 12962, subd. (a), italics added.)[2] The 2003 amendments required employees who were represented by private counsel to themselves serve a copy of the administrative complaint upon the employer within a 60 day period. But the Department still had to serve the complaint in administrative investigations involving unrepresented employees. (§ 12962, subds. (b), (c).)[3]

■ We give the words of the statute their ordinary and usual meaning and construe them in the context of the statute as a whole, using the statutory language as the most reliable indicia of the Legislature's intent. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 [3 Cal.Rptr.3d 623, 74 P.3d 726].) We presume that the limiting phrase "for investigation" was added for a purpose and not from "mere caprice." (See, e.g., *Santa Ana*

---

[2] Section 12962, subdivision (a) provides: "The department shall cause any verified complaint *filed for investigation* under the provisions of this part to be served, either personally or by certified mail with return receipt requested, upon the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice complained of." (Italics added.)

[3] Section 12962, subdivision (b) provides: "Notwithstanding subdivision (a), *where a person claiming to be aggrieved by an alleged unlawful practice hires or retains private counsel* for purposes of representation of the claim, the private counsel, and not the department, shall cause the verified complaint filed under the provisions of this part to be served, either personally or by certified mail with return receipt requested, upon the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice." (Italics added.)

Subdivision (c) states, "Service shall be made at the time of initial contact with the person, employer, labor organization, or employment agency or the agents thereof, or within 60 days, whichever first occurs. . . ."

*Unified School Dist. v. Orange County Development Agency* (2001) 90 Cal.App.4th 404, 409 [108 Cal.Rptr.2d 770].)

■ While the Department has the power to perform investigatory, conciliatory, and prosecutorial functions in relation to discrimination complaints, it is not required to do so. Many individuals instead choose to prosecute their discrimination claims in court, and the Department serves only as a way station. As one commentator notes, "As a practical matter, only a small percentage of filings with the DFEH are prosecuted before the FEHC. The large majority of charges are mediated and settled by the DFEH or are litigated by the individual in the courts, usually through his or her private attorney. The investigatory process will cease if the complainant requests a right-to-sue letter. Once the right-to-sue letter is requested, the governmental involvement in the case ceases, and the complainant must undertake private actions or litigation in order to obtain final resolution." (Cal. Civ. Prac. (2006) Employment Litigation, § 2:7.)

■ Construed in the context of the statute as a whole, the 2003 amendments were intended to eliminate the service requirement where an employee opts to seek a right-to-sue letter. Of what possible *jurisdictional* value would be service of a form document which, on its face, asks the agency not to act? We will not distort the ordinary, everyday meaning of the statute to create an absurdity.

■ By law, the Department's right-to-sue letter must inform employees of the need to commence a civil action under the FEHA "within one year from that date of that notice." (§ 12965, subd. (b).) The Department did this in its right-to-sue notice.

Adding an additional jurisdictional service requirement of a defunct administrative complaint would impose a trap upon the unwary. (Cf. *Saavedra v. Orange County Consolidated Transportation etc. Agency* (1992) 11 Cal.App.4th 824, 827–828 [14 Cal.Rptr.2d 282] [" 'To the extent the [employee's] failure . . . is the result of [the administrative form], we are reluctant to burden [the employee] with its consequences.' "].)

Employee never filed an administrative complaint with the Department "for investigation." She used the Department's own form to express her intentions to proceed in court, knowing in return (as the form stated) that no investigation would be opened. Following the issuance of the right-to-sue letter, Employee's next step was to timely file and serve a civil complaint for damages. She did so in plenty of time and after having exhausted her administrative remedies.

## III

There is a second and separate reason why Employer's demurrer must be overturned. The record shows that Employee was unrepresented in June 2004, when she filled out her form administrative complaint with the Department. As her counsel pointed out to the court during the hearing on demurrer, she only retained counsel in March 2005 when her civil complaint was filed.

The 2003 amendments did not change the service requirements for unrepresented employees. The amendments transferred service responsibilities only where the employee "hires or retains private counsel for purposes of representation of the claim, . . ." (§ 12962, subd. (b).) Otherwise, service remained the Department's responsibility. (§ 12962, subd. (a).)

To our knowledge, no reported California court has caused an employee to forfeit his or her FEHA claim for the Department's purported failure to comply with its ministerial duties. (See, e.g., *Grant v. Comp USA, Inc., supra,* 109 Cal.App.4th at p. 645 [employee may bring FEHA claim notwithstanding Department's failure to issue right-to-sue notice].) In like fashion under the federal scheme, the Equal Employment Opportunity Commission itself must serve a charge upon an employer within a specified period. But the commission's failure to do this does not preclude a title VII claim. (*Waiters v. Robert Bosch Corp.* (4th Cir. 1982) 683 F.2d 89, 92; see also *Carter v. Smith Food King* (9th Cir. 1985) 765 F.2d 916, 924 ["[A] claimant's right to pursue a civil 'action is not to be prejudiced' by the EEOC's failure to properly process a grievance after it has been filed."].)

█ Since Employee did not then hire or retain counsel, she was not obliged to serve a copy of her June 2004 administrative complaint form. " '[R]equiring a claimant to hire a lawyer to complete a discrimination claim form would be antithetical to the purposes of the legislation.' " (*Saavedra, supra,* 11 Cal.App.4th at p. 828.)

## IV

The trial court ran afoul of clear legal principles in mistakenly dismissing Employee's FEHA claims on jurisdictional grounds. Because "petitioner's entitlement to the relief requested is so obvious that no purpose could be served by plenary consideration of the issue," we issue a peremptory writ of mandate in the first instance. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1260 [82 Cal.Rptr.2d 85, 970 P.2d 872].)

A peremptory writ of mandate shall issue directing the superior court to vacate its order sustaining the demurrer to petitioner's second cause of action without leave to amend, and to grant a new and different order overruling the demurrer as to this cause of action. The stay order is lifted upon the finality of this opinion. Petitioner shall recover her costs in this proceeding.

Aronson, J., and Fybel, J., concurred.