Filed 5/31/24  Sermeno v. Law Offices of Ramin R. Younessi CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| LAURA SERMENO,<br><br>　　Plaintiff and Appellant,<br><br>　　　v.<br><br>LAW OFFICES OF RAMIN R. YOUNESSI,<br><br>　　Defendant and Respondent. | B327543<br><br>Los Angeles County<br>Super. Ct. No. 20STCV40604 |

APPEAL from an order of the Superior Court of Los Angeles County.  Gail Killefer, Judge.  Reversed and remanded with directions.

Iarusso Legal, Michelle Iarusso; Azizian Law and Benjamin A. Azizian for Plaintiff and Appellant.

Law Offices of Ramin R. Younessi, Ramin R. Younessi and Heather N. Phillips for Defendant and Respondent.

_____

**SUMMARY**

Plaintiff filed a complaint against defendant, her former employer, with the Department of Fair Employment and Housing, now the Civil Rights Department (the Department), and requested an immediate right-to-sue letter. That same day, the Department issued plaintiff a right-to-sue letter and closed the case. Plaintiff then filed a timely lawsuit, within one year of the date of the right-to-sue letter, alleging sex discrimination and harassment, retaliation and wrongful termination in violation of public policy.

The trial court sustained defendant's demurrer to the operative fourth amended complaint without leave to amend. The court concluded the complaint failed to show plaintiff served defendant with the right-to-sue letter and the complaint she had filed with the Department, and therefore she could not maintain her four causes of action for violation of the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.). (Further statutory citations are to the Government Code.) The trial court also found plaintiff did not state sufficient claims for sex discrimination in violation of the California Constitution or for wrongful termination in violation of public policy.

We conclude, consonant with established precedent, that there is no jurisdictional hurdle requiring an employee who has received an immediate right-to-sue letter to serve the administrative complaint on the employer. (*Wasti v. Superior Court* (2006) 140 Cal.App.4th 667, 670 (*Wasti*); see also § 12962.) We further conclude that defendant's demurrer to plaintiff's causes of action for sex discrimination in violation of the California Constitution and wrongful termination in violation of public policy should also have been overruled. In addition, we reject defendant's contention that the conduct alleged in

plaintiff's FEHA claim for sexual harassment was not sufficiently severe or pervasive to be actionable.

Accordingly, we reverse the trial court's order and the ensuing judgment dismissing the complaint.

## FACTS

We recite the facts as alleged in the operative complaint.

Plaintiff Laura Sermeno worked for defendant Law Offices of Ramin R. Younessi as a legal assistant from October 29, 2018, until she was fired on December 4, 2018. An attorney at the firm (Amir Pasha Vafaei, referred to in the complaint as Pasha), "engaged in a pattern of harassment against her because of her sex." He would tell plaintiff "she was 'looking good' and 'looking sexy' and make other unwanted comments and innuendo, including uncomfortable staring at [her] when she walked past his offices." Plaintiff tried to avoid him, but there were "a number of office wide activities and lunches" that both plaintiff and Pasha attended, and at these events Pasha "would stare and make comments" to plaintiff.

On or about November 21, 2018, plaintiff "spoke with her supervisor Alex Rodriguez and Andrew Sotelo about Pasha's comment." Plaintiff then attended an office dinner event where she spoke with an attorney named Mae about Pasha's comments; Mae replied that Pasha "was harmless and that he probably meant it genuinely."

"At one point, as a group of attorneys had gathered and began eating dinner, [plaintiff] approached a group of attorneys, including Pasha, and asked about ordering and splitting food." Pasha began talking with plaintiff and offered her food. Plaintiff told Pasha how his earlier remarks made her uncomfortable. Pasha replied "by asking 'How can you tell I'm flirting with you?' [Plaintiff] told him he had a certain look on his face, and it was obvious that he was ogling her. He laughed, agreed, told

3

[plaintiff] 'Wow I can't believe you can tell; I didn't know it was so obvious.' "

Plaintiff mentioned Pasha's girlfriend was present and plaintiff would prefer if Pasha did not speak to plaintiff. Pasha told plaintiff that his girlfriend was only with him because of his money; he said he made $35,000 a month from other (nonattorney) businesses, and did not make much being an attorney.

Pasha offered plaintiff money, "telling her to name her price monthly, and alluded that he could be a sugar daddy of sorts. Pasha said, 'I know girls aren't into me for my looks, and I'm willing to pay." Plaintiff "made no comment to [Pasha] and walked away to tell Alex Rodriguez about the event."

Mr. Rodriguez later related the harassment to Sean Younessi, Jen Flores and Ramin Younessi, all of whom had supervisory duties over Pasha and plaintiff. Pasha was terminated on the same day, apparently on November 26, 2018.

The complaint alleges defendant knew or should have known of the harassment "[b]ecause of the open and notorious nature" of the harassment.

"Pasha's sexual comments and advances were made regularly throughout [plaintiff's] working week. As such, Pasha created a hostile work environment that prevented [plaintiff] from performing her job duties and/or made the discharge of her duties more stressful because of her fear and discomfort."

Plaintiff was terminated on December 4, 2018, "under the pretext that she was 'not a good fit,' " although she "had had nothing but excellent feedback during her employment."

On October 19, 2019, plaintiff filed her complaint with the Department and obtained a right-to-sue letter.

In October 2020, she filed a timely complaint in superior court alleging six causes of action. Four were for FEHA

4

violations: sex discrimination; harassment based on sex; retaliation; and failure to prevent discrimination, harassment and retaliation. Plaintiff also alleged claims for sex discrimination in violation of the California Constitution (art. I, § 8) and for wrongful termination in violation of public policy.

The record contains three successive demurrers, to the second, third, and operative fourth amended complaints, and the court's ruling now under review states the court also sustained a demurrer to plaintiff's original complaint.

Plaintiff did not properly allege exhaustion of her administrative remedies until her third amended complaint; before then, she failed to allege facts showing she filed her administrative complaint within one year of the date the alleged unlawful action occurred. She complied in her third amended complaint, and when defendant demurred to that complaint, the trial court overruled the demurrers to the three FEHA causes of action for sex discrimination, retaliation and failure to prevent retaliation. The court sustained defendant's demurrer to plaintiff's FEHA cause of action for sexual harassment, finding plaintiff failed to allege sufficient facts to show a pervasive or severe pattern of harassing conduct. The court also sustained demurrers to the other two causes of action, ruling plaintiff failed to allege sufficient facts to show termination on the basis of sex in her constitutional violation claim, and her wrongful termination allegations were conclusory. The court again granted leave to amend.

Plaintiff filed the operative fourth amended complaint and defendant again demurred. Among other contentions, defendant argued for the first time that section 12962 required plaintiff to serve her administrative complaint on defendant within 60 days of filing it with the Department. Defendant asserted plaintiff failed to exhaust administrative remedies because she did not

5

plead and could not prove she served defendant with the administrative complaint.

Plaintiff's opposition argued she properly exhausted her administrative remedies, but she did not respond to defendant's claim that section 12962 required her to serve her administrative complaint on defendant, despite the court's instruction to do so.

This time the court sustained the demurrer to the entire complaint without leave to amend. The court found plaintiff "continues to fail to show a sufficient service and adequate notice of the [Department's] Right to Sue Letter as necessary to sustain a claim for violations of FEHA." As for the other two causes of action, the court sustained the demurrers on the same bases as before: on the constitutional claim, plaintiff failed to show "how she faced termination on the basis of her sex," and "again only makes conclusory allegations regarding how her termination was wrongful and violated public policy."

The trial court entered judgment of dismissal on December 20, 2022; notice of entry of judgment was served on January 3, 2023; and plaintiff filed a notice of appeal on March 1, 2023.

## DISCUSSION

### 1. The Standard of Review

A demurrer tests the legal sufficiency of the complaint. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action. For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. We also consider matters that may be judicially noticed. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

### 2. FEHA Claims: The Service Issue

The trial court erred by adopting defendant's argument that section 12962 and a related regulation required plaintiff to

6

serve her administrative complaint on defendant within 60 days as a jurisdictional prerequisite to a civil action. Neither party alerted the trial court to the pertinent precedent, established in 2006 in *Wasti, supra,* 140 Cal.App.4th 667.

Section 12962 requires the Department to serve "any verified complaint *filed for investigation*" upon the employer or other person alleged to have committed the unlawful practice. (*Id.*, subd. (a), italics added.) If the aggrieved person retains private counsel, the private counsel, not the Department, must serve the complaint. (*Id.,* subd. (b).) Service is to be made "at the time of initial contact" with the employer, "or within 60 days, whichever first occurs." (*Id.,* subd. (c).)

In *Wasti,* the court rejected an employer's claim that an employee who timely filed an administrative complaint, and immediately received a right-to-sue letter, must plead and prove compliance with section 12962 by serving the administrative complaint on the employer within 60 days. (*Wasti, supra,* 140 Cal.App.4th at pp. 671-672.) *Wasti* observed that "[n]o appellate court has imposed this requirement as a jurisdictional prerequisite," and "[w]e decline to be the first to do so." (*Id.* at p. 672.)

*Wasti* stated that the service requirements in section 12962 apply to *investigative* complaints, and explained the origin of the current requirements. (*Wasti, supra*, 140 Cal.App.4th at pp. 670, 672-673.) As originally drafted, section 12962 required the Department to serve " 'any verified complaint filed,' " but in 2003, the section "was amended to ease the Department's burdens." (*Wasti,* at p. 672.) The amendments "added the limiting phase 'for investigation' so that the department was only required to serve 'any verified complaint *filed for investigation . . . .*' " (*Ibid.,* quoting § 12962, subd. (a).) The amendments also required

7

employees who were represented by private counsel to serve the employer with the administrative complaint within 60 days; the Department "still had to serve the complaint in administrative investigations involving unrepresented employees." (*Wasti,* at p. 672, citing § 12962, subds. (b), (c).)

*Wasti* pointed out that the Department has the power but is not required to perform investigatory, conciliatory, and prosecutorial functions, and that "[m]any individuals instead choose to prosecute their discrimination claims in court, and the Department serves only as a way station." (*Wasti, supra,* 140 Cal.App.4th at p. 673.) The court stated: "Construed in the context of the statute as a whole, the 2003 amendments were intended to eliminate the service requirement where an employee opts to seek a right-to-sue letter." (*Ibid.*) The court questioned how service of a form document, which "on its face, asks the agency not to act," could possibly be of any "*jurisdictional* value," and concluded, "[w]e will not distort the ordinary, everyday meaning of the statute to create an absurdity." (*Ibid.*) And: "Adding an additional jurisdictional service requirement of a defunct administrative complaint would impose a trap upon the unwary." (*Ibid.*)

*Wasti* also articulated a "second and separate reason" to overrule the employer's demurrer in that case. (*Wasti, supra,* 140 Cal.App.4th at p. 674.) There, as here, the employee was unrepresented when she filled out her form administrative complaint, so "service remained the Department's responsibility." (*Ibid.*, citing § 12962, subds. (a) & (b).) "To our knowledge, no reported California court has caused an employee to forfeit his or her FEHA claim for the Department's purported failure to comply with its ministerial duties." (*Wasti,* at p. 674.)

8

Defendant contends that *Wasti*'s interpretation of section 12962 "is in conflict with the purpose of administrative exhaustion, the California Code of Regulations, the legislative summary of FEHA, and the express instruction to [plaintiff] from [the Department]." To this we can only say that if there were a conflict between a regulation and the appellate court's construction of the statute to which the regulation refers, it is the regulation that must yield. But we see no conflict with the regulation defendant cites, which merely states that the Department "shall not serve complaints issued in response to requests for an immediate right-to-sue notice, regardless of whether or not a complainant is represented by counsel." (Cal. Code Regs., tit. 2, § 10021(g).)

Defendant points out that the Department advised plaintiff in an October 19, 2019 "Notice to Complainant" that the Department would not serve the complaint and that "[y]ou must serve the complaint separately, to all named respondents. If you do not have an attorney, you must serve the complaint yourself." That is indeed what the Department said, but there is no statutory authority to support those instructions, and *Wasti* expressly construes section 12962 as *not* imposing a jurisdictional service requirement. (*Wasti, supra,* 140 Cal.App.4th at p. 673; see also *Monaghan v. El Dorado County Water Agency* (E.D.Cal., Feb. 7, 2012, No. 2:10-cv-00434-MCE-GGH) 2012 U.S.Dist. Lexis 14900, pp. *15-*17 [same, citing *Wasti*].) Nor does defendant present any coherent argument to support its claim of a conflict with "the purpose of administrative exhaustion" or "the legislative summary of FEHA," or any other reason to justify disagreement with *Wasti*'s sound analysis.

Accordingly, the trial court erred in sustaining defendant's demurrer to the FEHA claims on this ground.

9

### 3.     FEHA Claims:  The "Severe or Pervasive" Issue

Defendant contends that if we find, as we have, that plaintiff exhausted her administrative remedies, the demurrer to her third cause of action for sexual harassment was nevertheless properly sustained because the conduct alleged was not "severe or pervasive," as required.  However, none of the cases defendant cites to support its analysis was decided in the context of a demurrer; they involved summary judgment or jury verdicts.  Moreover, none of them was decided after the Legislature clarified "its intent with regard to application of the laws about harassment."  (§ 12923, eff. Jan. 1, 2019; see also *Beltran v. Hard Rock Hotel Licensing, Inc.* (2023) 97 Cal.App.5th 865, 878-879 (*Beltran*) [discussing § 12923's clarification of existing law "in numerous respects"].)

Section 12923 provides, among other points, that "harassment creates a hostile, offensive, oppressive, or intimidating work environment . . . when the harassing conduct sufficiently offends, humiliates, distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being."  (*Id.*, subd. (a).)  " 'It suffices to prove that a reasonable person subjected to the discriminatory conduct would find . . . that the harassment so altered working conditions as to make it more difficult to do the job.' "  (*Ibid.*)  "A single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment."  (§ 12923, subd. (b).)  "Harassment cases

10

are rarely appropriate for disposition on summary judgment." (*Id.*, subd. (e).)

Here, when the trial court sustained the previous demurrer to plaintiff's sexual harassment cause of action, it referred only to the "sugar daddy" incident, and stated: "While Plaintiff may have alleged an individual instance of harassing conduct, Plaintiff has again failed to allege sufficient facts to show a pervasive or severe pattern of harassing conduct." The court ignored plaintiff's allegations that Pasha's unwanted comments and uncomfortable staring when plaintiff walked past his office began in October 2018; his "comments and advances were made regularly throughout [plaintiff's] working week"; and "made the discharge of [plaintiff's] duties more stressful because of her fear and discomfort." The ruling likewise did not take into account the harassment standards as clarified in section 12923 (which the parties did not bring to the trial court's attention). (Cf. *Beltran, supra,* 97 Cal.App.5th at p. 868 ["In light of [section 12923], we conclude that because the trial court used outdated standards to conclude no triable issue of material fact existed, summary adjudication should not have been granted as to the hostile work environment cause of action."].)

Defendant contends, citing no authority, that the short time span during which plaintiff and Pasha were both employed by defendant made it "nearly impossible for any conduct to have become 'pervasive,'" and asserts that the "sugar daddy" incident "amounts, at most, to an isolated instance of crude and inappropriate verbal comment" that is not actionable. Those claims and characterizations of the facts alleged cannot be decided on demurrer, and fail to address the harassment

11

standards in section 12923.  Other arguments similarly lack merit.[1]

**4.     Wrongful Termination in Violation of Public Policy**

Plaintiff's cause of action for wrongful termination in violation of public policy alleged that Pasha harassed plaintiff based on her sex, and alleged examples of the sexual harassment. She alleged the harassment created "an intimidating, hostile and offensive work environment in violation of public policy," that defendant "allowed and fostered an environment in which discrimination against women flourished such that [plaintiff] was subject to an adverse employment action, in that she was given less desirable assignments and ultimately fired."  Plaintiff alleged that "[s]uch discrimination runs afoul of California's public policy against discrimination embodied in the[FEHA]."

---

[1]     Here and elsewhere in its brief, defendant contends that many of plaintiff's allegations were not raised in or were inconsistent with her administrative complaint, and therefore are barred by the exhaustion requirement.  This argument is based on defendant's assertion that plaintiff's administrative complaint alleged only sexual harassment and retaliation, not sex discrimination.  As we point out *post,* and as is well recognized, sexual harassment is a form of sex discrimination in employment, and the administrative complaint alleged sexual harassment. Moreover, we have agreed with *Wasti* that plaintiff was not required to serve her "moribund administrative complaint" (140 Cal.App.4th at p. 670) on defendant in the first place.  And in any event, the exhaustion test is whether court claims are like, and reasonably related to, the claims in the administrative filing, or likely to be uncovered in an investigation by the Department. (*Guzman v. NBA Automotive, Inc.* (2021) 68 Cal.App.5th 1109, 1117.)  They are.

In sustaining defendant's demurrer, the trial court stated that plaintiff "concedes the derivative nature" of the wrongful termination cause of action. Plaintiff did so, the trial court said, by stating in her opposition that California's public policy was "embodied by the FEHA" and arguing it was sufficient to allege "that she was terminated for making the complaints about harassment and discrimination that are unlawful under the FEHA." The trial court concluded plaintiff "fails to allege sufficient facts and again only makes conclusory allegations regarding how her termination was wrongful and violated California public policy." On appeal, defendant similarly states only that the cause of action for wrongful termination in violation of public policy "is clearly derivative of the FEHA and Constitutional causes of action and must fall with them."

Defendant's view is mistaken, and the trial court erred in concluding plaintiff's allegations were insufficient. The law on this point in clear.

"We conclude that the FEHA does not supplant other state laws, including claims under the common law, relating to employment discrimination; that an employee need not exhaust the administrative process under the act before resort to judicial relief for nonstatutory causes of action; and that sex discrimination in employment may support a claim of tortious discharge in contravention of public policy." (*Rojo v. Kliger* (1990) 52 Cal.3d 65, 70-71 (*Rojo*); see *id.* at p. 90 ["The public policy against sex discrimination and sexual harassment in employment, moreover, is plainly one that 'inures to the benefit of the public at large rather than to a particular employer or employee.' [Citation.] No extensive discussion is needed to establish the fundamental *public* interest in a workplace free from the pernicious influence of sexism. So long as it exists, we

13

are *all* demeaned."]; see also *Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 890 [describing its conclusion in *Rojo* that "the plaintiffs had pleaded a viable tortious discharge claim because sexual harassment in the workplace violates fundamental public policy"]; *Phillips v. St. Mary Regional Medical Center* (2002) 96 Cal.App.4th 218, 227 (*Phillips*) ["FEHA's provisions prohibiting discrimination may provide the policy basis for a claim for wrongful discharge in violation of public policy"]; see *id.* at p. 223 [Cal. Const., art. I, § 8 is an "alternative source[] of fundamental and well-established public policy sufficient to support plaintiff's common law cause of action for wrongful termination"].)

5. **The Claim for Sex Discrimination Under the California Constitution**

The California Constitution provides that "[a] person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin." (Cal. Const., art. I, § 8 (section 8).) In actions such as wrongful termination in violation of public policy, "a breach of duty or violation of public policy may be established by demonstrating a violation of a constitutional provision, and damages properly may be awarded to remedy the tort." (*Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 303, fn. 1.)

Plaintiff's second cause of action alleged discrimination based on sex in violation of section 8, founded on the sexual harassment allegations previously described. Plaintiff alleged that "[f]urther, when [she] was ultimately terminated from her position, it was again based on her sex, as the ultimate reason for her termination was the harassment she suffered because of her sex."

The trial court cited plaintiff's allegation that she "was fired in retaliation for making complaints of sexual harassment," and then concluded plaintiff failed to plead sufficient facts to show a violation of section 8, "as Plaintiff again fails to show how she faced termination on the basis of her sex." This view is mistaken.

In *Phillips, supra,* 96 Cal.App.4th 218, the plaintiff alleged the defendant terminated him in retaliation for filing a complaint with the Department for race and sex discrimination. (*Id.* at p. 224.) The court rejected the defendant's argument that section 8 "does not support wrongful termination claims based on an employer's retaliatory conduct" (*Phillips,* at p. 230), stating that "while this form of discrimination is not enumerated specifically in Section 8, employment discrimination often manifests itself in retaliatory conduct" (*id.* at p. 232). *Phillips* held "the trial court erred in sustaining defendant's demurrer as to plaintiff's wrongful termination claim based on defendant's retaliation in violation of Section 8's policy against race and sex discrimination." (*Id.* at p. 233.)

On appeal, defendant makes a single, brief argument, citing no authorities. Defendant contends plaintiff did not state a claim for discrimination based on sex, either in violation of FEHA or section 8, because plaintiff "invokes the harassment provisions of FEHA rather than the discrimination provisions," and treats the two "as though they are interchangeable." As we have already seen, defendant's view is mistaken. (See, e.g., *Rojo, supra,* 52 Cal.3d at p. 73, fn. 4 ["Although the FEHA cites harassment as an unlawful employment practice separate from discrimination [citation], the regulations and [administrative] decisions recognize that sexual harassment is a form of sex discrimination in employment."].)

15

## DISPOSITION

The judgment of dismissal is reversed and the cause is remanded to the trial court with directions to vacate its order sustaining defendant's demurrer and enter a new order overruling the demurrer in its entirety.  Plaintiff to recover costs on appeal.

GRIMES, J.

WE CONCUR:

STRATTON, P. J.

KIM, J.*

---

\* Associate Justice of the Court of Appeal, Second District, Division Five, appointed by the Chief Justice pursuant to article VI, section 6 of the California Constitution.